UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        - against -                22-cr-73 (JGK)

COREY SAMERSON,                   ORDER

          Defendant.

---

**JOHN G. KOELTL, District Judge:**

The defendant has moved for a reduction in his sentence as a result of Amendment 821 to the United States Sentencing Guidelines. Def.'s Mot., ECF No. 46. In particular, the defendant's original sentence of 84 months' imprisonment was within a Guideline Sentencing Range of 77 to 96 months, which was based on a total offense level of 22 and a criminal history category of V, based on 10 criminal history points including 2 points for the fact that the defendant committed the offenses of conviction while under federal supervised release. See Sentencing Tr. at 14, ECF No. 34; Presentence Investigation Report at 4, 11, ECF No. 25 ("PSR"). As a result of Amendment 821, only one point is added for the fact that defendant had at least 7 criminal history points and committed the offenses of conviction while under a criminal justice sentence, see U.S.S.G. § 4A1.1(e), reducing the defendant's criminal history points to 9, criminal history category to IV, and reducing the Guideline Sentencing Range to 63 to 78 months. The defendant and the Government agree

that the defendant's Guideline Sentencing Range is now 63 to 78 months. See Def.'s Mot. at 1; Gov't's Resp. at 3, ECF No. 48.

The Court has therefore considered the 18 U.S.C. § 3553(a) factors and determined that the defendant's sentence should be reduced principally to 70 months' imprisonment, a sentence that is sufficient but no greater than necessary to take into account the sentencing factors in section 3553(a)(2). The offenses were serious, namely two robberies using what appeared to be a firearm that were committed after the defendant had been released and was on supervised release for having committed another series of robberies. See PSR at 3, 11. On the other hand, there are substantial mitigating circumstances. The defendant has had mental health issues, and the defendant has shown substantial progress toward rehabilitation in his recent period of incarceration. See Def.'s Mot. at 6; id., Ex. A, ECF No. 46-1. Unlike his most recent prior period of incarceration, the defendant's current period of incarceration has been free of infractions. See id. at 5-6. During the current period of incarceration, the defendant has completed numerous educational programs and has participated in drug education classes, and he is enrolled in a GED class. See id. at 6; id., Ex. B, ECF No. 46-2. A sentence in the middle of the new Guideline Sentencing Range carefully takes into account all of the section 3553(a) factors and is sufficient but no greater than necessary to accomplish the goals of section 3553(a)(2).

Therefore, the Court will reduce the defendant's current term of imprisonment to 70 months.

**SO ORDERED.**

Dated:   New York, New York
         March 13, 2024

                                    _____
                                    John G. Koeltl
                                    **United States District Judge**

3